Glenn Solomon #833287
Attorney
1001 SW Fifth Avenue, Suite 1220
Portland, Oregon 97204
(503) 241-3508
glensol@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND

| | | |
|---|---|---|
| KAREN HUYCK, | ) | No. 3: 15-cv-01298BR |
| | ) | |
| Plaintiff, | ) | Plaintiff's Motion for Summary |
| | ) | Judgment |
| v. | ) | |
| | ) | |
| LIMITLESS, LLC, an Oregon | ) | |
| corporation, | ) | |
| | ) | Oral Argument Requested |
| Defendant. | ) | |

Plaintiff, by and through counsel, moves for summary judgment on

her wages due and owing claims pursuant to Rule 56(a), FRCP and Local

Rule 56-1. This motion relies on the following memorandum in support,

the Joint Statement of Facts (JSF), the Declaration of Karen Huyck, and the

Declaration of Glenn Solomon.

### Summary and Introduction

This is a wages due and owing case in which Karen Huyck (Huyck) asserts

claims for overtime wages and liquidated damages under the FLSA, penalty

1. MOTION FOR SUMMARY JUDGMENT

wages under state law, as well as attorney fees.  There is no genuine dispute as to

as to any material fact.  Defendant, in its Answer to the Compliant admits

allegations sufficient to establish liability, and Plaintiff is entitled to judgment as a

matter of law. The only dispute concerns the matter of law as to the calculation of

the overtime due under the FLSA.  That dispute resolves in plaintiff's favor under

29 CFR 548.301.

Factual Background

These facts are undisputed based on the Complaint, defendant's

Answer and the Joint Statement of Facts (JSF), which is now part of the record in

this case.

All jurisdictional facts are admitted.  JSF 1 – 3.  The plaintiff, (Huyck)

was a non-exempt employee who worked for limitless between January 19

and April 27, 2015.  JSF 2, 4 – 6.

Huyck was required to submit time records, and did so.  These records

show that she frequently worked in excess of forty hours per week.  JSF 7.  She

was paid according to a contract at a rate of $200.00 per work day for a total

of $1,000.00 per work week regardless of how many hours she worked.  Id.

Huyck submitted time records to defendant that showed that she worked

150 hours of overtime.  JSF 8, Declaration of Karen Huyck (Huyck Dec) 6, Exhibits 2

and 3.

In June of 2015, a letter was sent to Limitless by Huyck's attorney,

which was dated June 5, 2015 and delivered to a Limitless employee, demanding

payment of $5,587.50 in overtime wages, $2363.50 in penalties and $3,224.00

in attorney fees.  JSF 9, Declaration of Glenn Solomon (Solomon Dec) Exhibit 4.

These facts are undisputed based on the Declaration of Karen Huyck. Huyck was paid on a bi-weekly basis.   Every Earning Statement Huyck received gave her credit for 80 hours of work regardless of the number of hours she worked. Huyck Dec, Ex's 1 and 2.

At no time during the course of her employment did Limitless or any of its agents or employees challenge Huyck as to the accuracy of her time records.  Huyck Dec 4 – 5.  To date Huyck has only been paid $1400.00 by Limitless on her claim for overtime, penalties and attorney fees.

Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(a) FRCP.  The moving party has the burden of proving that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Once the moving party shows the absence of an issue of fact, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.  Id at 324.  "A 'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative' is not sufficient to present a genuine issue as to a material fact."  *United Steelworkers of Am.  v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir. 1989) (quoting  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250, 252 (1986).  The materiality of a fact depends upon the applicable

substantive law.  *T.W. Elec. Serv., Inc., v. Pacific Elec. contractors Assn.*  809 F.2d 626, 630 (9th Cir. 1987).  Where the record, taken as a whole, could not lead the trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Argument

1.  Based on the agreed facts Huyck was a salaried non-exempt employee and should have been paid overtime for all hours worked over 40 hours per week at time and one half her regular rate of pay.  29 USC 207(a).

Huyck was salaried non-exempt employee.  She was paid semi-monthly. As such she should have been paid overtime according to a rate per hour determined by dividing  her salary by the number of  working days of eight hours each or eighty (80) hours.  This yields a basic rate of $25.00 per hour.  See 29 CFR 548.301(b).  This basic rate may be used to compute overtime at time and one half. Id.  Therefore Huyck's overtime rate was $37.50. per hour.

Huck worked a total of 150 hours of overtime for which she received no compensation.  Multiplication of Huyck's overtime rate by 150 yields $5,625. in overtime wages that are due an owing.

2.  Limitless is liable to Huyck for an additional amount equal to her overtime pay as liquidated damages.  29 USC 216(b).

Based on an examination of the time records that Huyck submitted and her pay statements, Limitless knew that Huyck put in overtime hours and yet continued to pay her the same amount regardless of the number of hours that she

4.  MOTION FOR SUMMARY JUDGMENT

worked.  Limitless also knew, based on the type of work that she performed, that Huyck was non-exempt.  Therefore liquidated damages are appropriate, because Limitless knew that the FLSA was in the picture and that Huyck was cocvered.  See *Coleman v. Jiffey June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir) cert den 409 U.S. 944 (1972).  Employers may not remain blissfully unaware of the FLSA requirements.  See *Reeves v. International Telephone and Telegraph Corp.,* 616 F.2d 1342, 1353 (5th Cir. 1980) cert den 449 U.S. 1077 (1981).

Double damages under the FLSA are the norm.  Single damages are the exception.  Liquidated damages are mandatory unless the employer can overcome the difficult burden of proving subjective good faith an objectively reasonable grounds for believing that it was not violating the FLSA.  *Haro v. City of L.A. Corp.,* 745 F.3d 1249, 1259 (9th Cir. 2014) and cases cited.   In the light of the undisputed facts in the case at hand there are no objectively reasonable grounds available.  Therefore the court is required to award liquidated damages.

3.  The court should award additional penalties under ORS 652.140(1)(a).

The letter of June 5, 2015 that plaintiff's counsel sent to Limitless constituted an explicit notice of nonpayment under ORS 652.140(2).  Limitless failed to pay all the wages due and owing within 12 days as per the statute.  Therefore Huyck is due an additional penalty of a continuation of her wages for thirty days or $4,000.  ORS 651.140(1)(a).

## Conclusion

For the foregoing reasons plaintiff is entitled to judgment as a matter of

law for all the relief requested in her Complaint.

Respectfully submitted by:

_/s/ Glenn Solomon_
Attorney for Plaintiff