IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN HUYCK,                                3:15-CV-01298-BR

           Plaintiff,                       OPINION AND ORDER

v.

Limitless, LLC, an Oregon
Limited Liability Company,

           Defendant.


**GLENN N. SOLOMON**
1001 S.W. Fifth Avenue, #1414
Portland, OR 97204
(503) 241-3508

           Attorney for Plaintiff

**JEREMY L. FELLOWS**
14780 S.W. Osprey Drive
Suite 365
Beaverton, OR 97007
(971) 249-3963

           Attorney for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Karen Huyck's Motion (#22) for Summary Judgment and Defendant Limitless, LLC's Cross-Motion (#26) for Summary Judgment. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion and **GRANTS in part** and **DENIES in part** Defendant's Cross-Motion. Accordingly, the Court **AWARDS** Plaintiff damages for back overtime wages in the amount of $4,056.63 and liquidated damages in the amount of $5,456.63 for a total award of damages of **$9,513.26.**

## BACKGROUND

The following facts are taken from the parties' Joint Statement of Agreed Upon Facts and other summary-judgment materials and are undisputed unless otherwise noted.

Defendant employed Plaintiff as a Helper to clean, to repair, and to recondition repossessed properties from January 19, 2015, through April 27, 2015. Plaintiff was a nonexempt employee pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 213(a)(1).

Although the parties did not enter into a written contract for Plaintiff's employment, they entered into an oral contract regarding payment of Plaintiff's wages. Specifically, Plaintiff "was paid according to the terms of her contract" at a rate of

2 - OPINION AND ORDER

"$200 per work day for a total of $1000 per work week regardless of the number of hours that she worked."  Jt. Statement of Agreed Upon Facts at ¶ 7.

Plaintiff submitted weekly time sheets that reflect she frequently worked more than 40 hours per week but occasionally worked fewer than 40 hours.  The time sheets that Plaintiff submitted to Defendant indicated she worked approximately 150 hours of overtime during her course of employment with Defendant. Defendant, however, never paid Plaintiff more or less than $200 per day or more than $1,000 per week regardless of the number of hours that Plaintiff worked.

On July 13, 2015, Plaintiff filed a Complaint for Wages Due and Owing in this Court.

On September 14, 2015, Defendant filed an Answer, Affirmative Defenses, and Counterclaim.

On May 10, 2016, Plaintiff filed a Motion for Summary Judgment.

On May 31, 2016, Defendant filed a Cross-Motion for Summary Judgment.  The Court took this matter under advisement on July 29, 2016.


## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to

3 - OPINION AND ORDER

judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary

judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

**DISCUSSION**

**I.   Plaintiff's Claim for Breach of Contract**

It is not entirely clear from Plaintiff's Complaint, but she appears to assert a claim against Defendant for breach of contract.  In the first paragraph of Plaintiff's Complaint she alleges:

> This is an action for wages due and owing in which the plaintiff, (Huyck), alleges she was not paid overtime wages in violation of section 7 of the Fair Labor Standards Act, 29 USC 201 *et seq*, (the FLSA).  The plaintiff seeks back pay, liquidated damages and contract damages.

In her statement of claims, however, Plaintiff asserts only that

5 - OPINION AND ORDER

she was not paid overtime wages in violation of the FLSA.  In addition, in her Motion for Summary Judgment Plaintiff states she "asserts claims for overtime wages and liquidated damages under the FLSA, penalty wages under state law, as well as attorney fees."  Pl.'s Mot. for Summ. J. at 1.  Plaintiff does not make any reference or argument as to a claim for breach of contract or for contract damages.

To the extent that Plaintiff asserts a claim for failure to pay her wages in breach of the parties' oral contract, Plaintiff fails to state a claim.  The parties agree in their Joint Statement that the terms of the contract required Defendant to pay Plaintiff $200 per day regardless of the number of hours she worked.  Plaintiff, however, does not allege Defendant failed to pay her $200 on any day that she worked, and the record reflects Defendant paid Plaintiff $200 for each day that she worked regardless of the number of hours she worked during that day.

Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Cross-Motion for Summary Judgment as to Plaintiff's breach-of-contract claim.

## II.  Plaintiff's FLSA Claim

In her FLSA Claim Plaintiff asserts Defendant failed to pay Plaintiff for all of her overtime.  Specifically, Plaintiff asserts Defendant should have paid her at the rate of 1.5 times her regular rate of pay for all of the hours she worked in excess

of 40 hours per week pursuant to § 207(a) of the FLSA.

Defendant, in turn, contends Plaintiff's weekly pay was intended to compensate her for all of her regular and overtime wages.  In addition, Defendant asserts it paid her sufficient wages to account for all of the overtime wages she was due, and, therefore, Plaintiff is not entitled to any further overtime wages or penalties.  Defendant, however, does not point to any provision of the FLSA that permits it to pay Plaintiff a flat daily and/or weekly sum in satisfaction of both her regular and overtime wages regardless of the number of hours that Plaintiff worked in a particular week.

**A.   FLSA Generally**

Congress enacted the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To further that goal the FLSA provides:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

To ensure compliance with its provisions, the FLSA authorizes actions by employees to recover unpaid overtime wages and an equal amount as liquidated damages.  29 U.S.C. § 216(b).

7 - OPINION AND ORDER

**B.    Exceptions to the Overtime Requirement of 29 U.S.C.
        § 207(a)(1)**

As noted, Plaintiff and Defendant agreed Defendant
would pay Plaintiff $200 per day up to $1,000 for five days of
work per week regardless of the number of hours Plaintiff worked
in a day.  The record reflects Defendant paid Plaintiff $200 per
day up to $1,000 per five-day work week regardless of the number
of hours Plaintiff worked in a day and that Defendant never paid
Plaintiff more than $200 per day.  Defendant asserts the logical
inference of the parties' agreement and actions is that they
intended $200 per work day to compensate Plaintiff for both her
regular hours and her overtime hours regardless of the number of
hours she worked in a day.  Defendant, however, does not point to
any exception to the general rule provided in § 207(a)(1) of the
FLSA that requires an employer to pay an employee overtime at a
rate of 1.5 times her regular rate of pay for time worked over
forty hours.

The Court notes the FLSA provides an exception to
§ 207(a)(1) for employees who work irregular hours in § 207(f),
which states in relevant part:

> No employer shall be deemed to have violated
> [§ 207(a)] by employing any employee for a
> workweek in excess of the maximum workweek
> applicable to such employee under [§ 207(a)] if
> such employee is employed pursuant to a *bona fide*
> individual contract . . . if the duties of such
> employee necessitate irregular hours of work, and
> the contract . . . (1) specifies a regular rate of
> pay of not less than the minimum hourly rate

8 - OPINION AND ORDER

> provided in [§ 206(a) or (b)] . . . and
> compensation at not less than one and one-half
> times such rate for all hours worked in excess of
> such maximum workweek, and (2) provides a weekly
> guaranty of pay *for not more than sixty hours*
> based on the rates so specified.

Emphasis added.  "Exceptions to the FLSA like § 207(f) are

narrowly construed against employers . . . to further the goals

of the FLSA; protecting workers, spreading employment instead of

consolidating hours in fewer workers, and compensating employees

for the burden of working overtime." *Escobar v. Rental Xpress,

LLC*, No. SA-14-CV-267-XR, 2015 WL 3408115, at *1 (W.D. Tex.

May 26, 2015)(citing *Walling v. Helmerich & Payne*, 323 U.S. 37,

40 (1944)).  The regulations relating to § 207(f) make clear that

exception applies only when

> the contract . . . (1) specifies a regular rate of
> pay of not less than the minimum hourly rate
> [mandated by the FLSA] and compensation at not
> less than one and one-half times such rate for all
> hours worked in excess of such maximum workweek,
> and (2) provides a weekly guaranty of pay *for not
> more than 60 hours* based on the rates so
> specified.

29 C.F.R. § 778.402 (emphasis added).  Defendant fails to

establish that it satisfied the requirements of § 207(f).

Specifically, Defendant does not point to any evidence in the

record that its agreement with Plaintiff provided a weekly

guaranty of pay for "not more than 60 hours."  In fact, it is

undisputed that the parties' agreement with respect to

Plaintiff's pay was for all hours that Plaintiff worked in a week

regardless of the number of hours.  The parties' agreement did
not contain any provision related to weeks in which Plaintiff
worked more than 60 hours.  Thus, the exception to § 207(a)(1)
found in § 207(f) does not apply.

The regulations relating to the FLSA also provide an
exception for employees who receive a fixed salary for
fluctuating hours in 29 U.S.C. § 778.114(a).  Specifically, that
regulation provides:

> An employee employed on a salary basis may have
> hours of work which fluctuate from week to week
> and the salary may be paid him pursuant to an
> understanding with his employer that he will
> receive such fixed amount as straight time pay for
> whatever hours he is called upon to work in a
> workweek, whether few or many.  Where there is a
> clear mutual understanding of the parties that the
> fixed salary is compensation (apart from overtime
> premiums) for the hours worked each workweek,
> whatever their number, rather than for working 40
> hours or some other fixed weekly work period, such
> a salary arrangement is permitted by the Act if
> the amount of the salary is sufficient to provide
> compensation to the employee at a rate not less
> than the applicable minimum wage rate for every
> hour worked in those workweeks in which the number
> of hours he works is greatest, *and if he receives*
> *extra compensation, in addition to such salary,*
> *for all overtime hours worked* at a rate not less
> than one-half his regular rate of pay.  Since the
> salary in such a situation is intended to
> compensate the employee at straight time rates for
> whatever hours are worked in the workweek, the
> regular rate of the employee will vary from week
> to week and is determined by dividing the number
> of hours worked in the workweek into the amount of
> the salary to obtain the applicable hourly rate
> for the week.

Emphasis added.  The regulation includes the following example of

10 - OPINION AND ORDER

the proper application of § 778.114(a):

> [A]n employee [has] hours of work [that] do not
> customarily follow a regular schedule but vary
> from week to week, whose total weekly hours of
> work never exceed 50 hours in a workweek, and
> whose salary of $600 a week is paid with the
> understanding that it constitutes the employee's
> compensation, except for overtime premiums, for
> whatever hours are worked in the workweek.  If
> during the course of 4 weeks this employee works
> 40, 37.5, 50, and 48 hours, the regular hourly
> rate of pay in each of these weeks is $15.00,
> $16.00, $12.00, and $12.50, respectively.  Since
> the employee has already received straight-time
> compensation on a salary basis for all hours
> worked, only additional half-time pay is due.  For
> the first week the employee is entitled to be paid
> $600; for the second week $600.00; for the third
> week $660 ($600 plus 10 hours at $6.00 [which is
> 1/2 the employee's regular hourly rate of $12.00
> that week]); for the fourth week $650 ($600 plus
> 8 hours at $6.25 [which is 1/2 the employee's
> regular hourly rate of $12.50 that week]).

29 C.F.R. § 778.114(b).  Finally, § 778.114(c) makes clear that

"overtime premiums must be paid contemporaneously with regular

pay." *Wallace v. Countrywide Home Loans*, No. SACV 08-1463-JST

(MLGx), 2013 WL 1944458, at *4 (C.D. Cal. Apr. 29, 2013)(citing

*Zulewski v. Hershey Co.*, No. CV 11-05117-KAW, 2013 WL 633402, at

*2 (N.D. Cal. Feb. 20, 2013)).

      Here the record reflects Defendant did not

contemporaneously pay Plaintiff any more than $200 per day or

$1,000 per five-day week even when she worked more than 40 hours

in a week.  Defendant, therefore, did not pay Plaintiff any

overtime premium at the time that Defendant paid Plaintiff's

regular wages of $200 per day or $1,000 per five-day week.

11 - OPINION AND ORDER

Accordingly, the Court concludes § 778.114 does not apply here.

As noted, Defendant failed to identify any provision of the FLSA or its implementing regulations to support its position. The Court points out that it is not required to search the FLSA and its regulations to find a provision to justify Defendant's position that it has not violated the overtime requirement of § 207(a)(1). The Court, therefore, concludes on this record that Defendant failed to pay Plaintiff overtime in violation of the FLSA.

Accordingly, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Cross-Motion for Summary Judgment as to the issue of Defendant's liability for failure to pay Plaintiff overtime wages in violation of the FLSA.

**C.   Plaintiff's Unpaid Overtime Wages**

**1.   Calculation Method of Plaintiff's Overtime Rate**

As noted, the FLSA authorizes actions by employees to recover unpaid overtime wages. *See* 29 U.S.C. § 216(b). The FLSA provides overtime wages are generally to be calculated "at a rate no less than one and one-half times the regular rate at which [an employee] is employed." 29 U.S.C. § 207(a). Although there are exceptions to that calculation rate, Defendant has not established they apply to this matter, and, therefore, Plaintiff is entitled to unpaid overtime wages at a rate of 1.5 times her "regular rate" of pay.

12 - OPINION AND ORDER

Plaintiff asserts the Court should calculate her regular rate of pay by dividing her weekly rate of pay ($1,000) by 40 hours, which results in a regular hourly rate of pay of $25 per hour.

Defendant, on the other hand, asserts the Court should calculate Plaintiff's regular rate of pay by dividing her weekly rate of pay ($1,000) by the number of hours she worked in any particular week (including overtime).  Under that calculation method, the more hours Plaintiff worked in a week, the lower her "regular rate" of pay becomes.  *See* Decl. of Laura Bush, Ex. 1. The method that Defendant urges the Court to use in calculating Plaintiff's regular rate of pay, however, is only permitted in limited circumstances as set out in 29 U.S.C. § 207(f) and 29 C.F.R. § 778.114 relating to fluctuating work weeks.  As the Court has already concluded, however, Defendant has failed to establish that this method applies under the circumstances here. The Court, therefore, declines to use the method of calculating regular wages and overtime wages set out in 29 U.S.C. § 207(f) and 29 C.F.R. § 778.114.

In summary, the Court concludes Plaintiff's regular rate of pay should be calculated in the manner suggested by Plaintiff and authorized by § 207(a) of the FLSA resulting in a regular hourly rate of $25.  Plaintiff's rate of overtime, therefore, is $37.50 per hour (1.5 times her regular hourly rate

13 - OPINION AND ORDER

of pay).

### 2.    Application of Plaintiff's Overtime Rate

The record reflects Plaintiff submitted time sheets indicating that she worked a total of 145.51 hours of overtime.[1] *See* Bush Decl., Ex. 1.  Although Defendant states in its Cross-Motion and in its Response to Plaintiff's Motion that it disputes Plaintiff worked that amount of overtime, Defendant does not point to any evidence in the record to refute the number of Plaintiff's requested overtime hours.  The Court, therefore, concludes on this record that Plaintiff is entitled to 145.51 hours of overtime at a rate of $37.50 per hour for a total of $5,456.63 in back wages for overtime.

The record also reflects Defendant paid Plaintiff an additional $1,400 in June 2015 in partial satisfaction of Plaintiff's claim.  "In actions under the FLSA, although a plaintiff is entitled to be made whole, he is not entitled to a windfall at the defendant's expense." *Martin v. Ind. Mich. Power Co.,* 292 F. Supp. 2d 947, 960 (W.D. Mich. 2002)(citing *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 77 (1st Cir. 1998)).  Section 216(b) provides an employee is entitled to receive "*unpaid overtime compensation*" in addition to liquidated damages as a

---

[1] Although Plaintiff asserts she worked more overtime hours, Plaintiff did not produce all of her time sheets and did not submit any other additional evidence to support her assertion. The Court, therefore, uses the number of overtime hours reflected in Defendant's records of Plaintiff's time sheets.

14 - OPINION AND ORDER

remedy.  Emphasis added.  When "an employer pays an employee for
[overtime hours] . . . the employer is entitled to an offset for
compensation due under the statute . . . because the statute
'sets a floor, not a ceiling, on compensation that employees must
receive.'"  *Martin*, 292 F. Supp. 2d at 960 (quoting *Barefield v.
Village of Winnetka*, 81 F.3d 704, 710-11 (7th Cir. 1996)).

      Accordingly, the Court concludes Defendant is
entitled to offset the $1,400 Defendant paid to Plaintiff in June
2015 from Plaintiff's back overtime wages.  Plaintiff, therefore,
is entitled to back overtime wages in the total amount of
$4,056.63.

**D.   Plaintiff's Liquidated Damages Pursuant to § 216(b).**

      Plaintiff also seeks liquidated damages pursuant to
§ 216(b) of the FLSA, which provides an employer who violates
§ 207 of the FLSA shall be liable to the employee "in the amount
of their unpaid overtime compensation . . . *and* in an additional
equal amount as liquidated damages."  Emphasis added.  Defendant
asserts Plaintiff is not entitled to liquidated damages because
Defendant acted in good faith and had objectively reasonable
grounds not to pay Plaintiff more than $200 per day or $1,000 per
five-day work week.

      The Ninth Circuit has held

> [u]nder 29 U.S.C. § 260, courts need not award
> liquidated damages in every instance; instead,
> courts retain discretion to withhold a liquidated
> damages award, or to award less than the statutory

> liquidated damages total, [when] an employer shows
> . . . despite the failure to pay appropriate
> wages, the employer acted in subjective good faith
> and had objectively reasonable grounds for
> believing that the acts or omissions giving rise
> to the failure did not violate the FLSA.

*Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003)(quotation

omitted).  The Ninth Circuit, however, has made clear that "[t]o

satisfy § 260, [an] employer bears the difficult burden of

proving both subjective good faith and objective reasonableness,

with double damages being the norm and single damages the

exception."  *Id.* (quotation omitted).  When an "employer fails to

carry that burden . . . liquidated damages are mandatory."  *Id.*

(quotation omitted).  "To avail itself of [§ 260], the employer

must establish that it had an honest intention to ascertain and

follow the dictates of the Act and that it had reasonable grounds

for believing that [its] conduct complie[d] with the Act."

*Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016)

(quotations omitted).

        To establish its good faith Defendant relies on the

Declarations of Jeremy Fellows and Laura Bush.  Fellows testifies

in his Declaration about his negotiations with Plaintiff's

counsel regarding Plaintiff's overtime claim after Plaintiff had

stopped working for Defendant and before she filed this action.

Specifically, Fellows testifies regarding his efforts to

determine the basis for the amount of overtime wages that

Plaintiff was seeking.  Bush testifies regarding Plaintiff's

16 – OPINION AND ORDER

agreement with Defendant

> that by paying [Plaintiff] a salary of $200 for
> each day she worked that her wages would be
> sufficient to provide compensation to her at a
> rate not less than the minimum wage rages required
> by . . . [law] for all of the hours she would
> likely be working, including hours in excess of
> eight hours per day or in excess of 40 hours per
> work week.

Bush Decl. at ¶ 10.  Neither Fellows nor Bush testify as to any
efforts taken by Defendant to ascertain whether Defendant's
agreement with Plaintiff satisfied the requirements of any part
of the FLSA or its regulations before, during, or after
Plaintiff's employment.  Moreover, Defendant does not point to
any steps it took to ascertain whether the kind of agreement it
had with Plaintiff satisfied any exception to the general rule
for overtime pay in § 207(a)(1) of the FLSA or to any evidence
that it had reasonable grounds for believing its failure to pay
Plaintiff overtime under the parties' agreement complied with the
FLSA.

     The Ninth Circuit has found under similar circumstances
that the defendant did not establish it acted in good faith
within the meaning of § 260.  For example, in *Flores* the
plaintiffs brought an action against the defendant alleging the
defendant violated the FLSA when it failed to include cash
payments made in lieu of medical benefits under the defendant's
flexible benefits plan when calculating the plaintiffs' regular
rate of pay for overtime purposes.  824 F.3d at 895.  The Ninth

17 - OPINION AND ORDER

Circuit concluded the defendant's cash payments were required to be included in the calculation of the plaintiffs' regular rate of pay and, therefore, in the calculation of their overtime pay. *Id*. The Ninth Circuit also concluded the defendant failed to establish an exception to the award of liquidated damages found in § 260.

> To support its claim of good faith the defendant relied on the deposition testimony of Linda Tang, an employee in [the defendant's] payroll department, who testified about the [defendant's] process for determining whether a particular payment must be included in the regular rate of pay. Ms. Tang testified that [the defendant's] payroll and human resources departments work together to determine whether a particular type of payment should be included in the calculation of the regular rate of pay when the payment is first provided. After a payment's initial classification, [the defendant] conducts no further review of a payment's designation, although Ms. Tang testified that the human resources department notifies the payroll department if it learns of new authority concerning the classification of a payment. Because the cash-in-lieu of benefits payments were classified as a "benefit" in the payroll system during this initial review, they have never been included in the calculation of the regular rate of pay.

*Id*. The Ninth Circuit found Tang's testimony was insufficient to establish good faith:

> Such paltry evidence is not sufficient to carry [the defendant's] burden to demonstrate that it acted in good faith. [The defendant] has presented no evidence of what steps the human resources department took to determine that the cash-in-lieu of benefits payments were appropriately classified as a "benefit" under the FLSA and excluded from the calculation of the

regular rate of pay.  That the payroll department
consulted the human resources department to find
out how a given payment should be categorized in
[the defendant's] payroll system sheds no light on
how either department determined that the
payment's designation as a "benefit" complied with
the FLSA.  An employer who "'failed to take the
steps necessary to ensure [its] [ ] practices
complied with [FLSA]'" and who "offers no evidence
to show that it *actively endeavored* to ensure such
compliance" has not satisfied § 260's heavy
burden.  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910
(9th Cir. 2003)(emphasis added)(quoting *Herman v.
RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir.
1999)); *see also Chao v. A-One Med. Servs.*, Inc.,
346 F.3d 908, 920 (9th Cir. 2003)(upholding an
award of liquidated damages where the employer
believed that it was not required to pay overtime
because employees divided their hours between two
legal entities that were operated together, but
had failed to consult an objective authority or
seek advice on the legality of its position).

*Id*.

Here Defendant does not offer evidence of any effort to

ensure its agreement and payments to Plaintiff satisfied the

FLSA.  The Court, therefore, concludes Defendant has not met its

burden to establish it satisfied the requirements of § 260.

According to the Ninth Circuit, therefore, "liquidated damages

are mandatory."  *Alvarez*, 339 F.3d at 909.

As noted, § 216(b) requires an award of liquidated

damages in an amount equal to the employee's unpaid overtime

wages.  The parties do not address and the Ninth Circuit does not

appear to have decided whether an employer who has paid an

employee some of the employee's overtime wages due *after* the time

the employer was required to do so under the FLSA but before a

19 - OPINION AND ORDER

judgment is entered by a court is liable for the entire amount of the employee's overtime wages due at the time of the employee's termination as liquidated damages or only that portion of the employee's unpaid overtime wages still due at the time of judgment.  The few courts that have addressed this issue have concluded the employer remains liable for liquidated damages in the amount of overtime wages due at the time the employer failed to pay such wages even if the employer made an additional payment prior to judgment.  For example, in *Martin* the plaintiff filed an action alleging the defendant failed to pay him overtime in violation of § 207(a) of the FLSA.  In December 2001 after the plaintiff filed the action, the defendant gave the plaintiff a check for $10,000 that the defendant "intended . . . to encompass any unpaid overtime which was due plaintiff.  [The] plaintiff accepted and cashed the check."  292 F. Supp. 2d at 953.  In January 2002 the court granted summary judgment in favor of the plaintiff on the issue of the defendant's liability for violation of the FLSA.  The court concluded the amount of overtime the defendant failed to pay to the plaintiff (prior to the defendant's December 2001 payment) was $9,879.58.  *Id.*  In October 2002 the court issued a second opinion in which it concluded the plaintiff was entitled to liquidated damages pursuant to § 216(b) of the FLSA.  The court concluded the defendant was entitled to offset the $10,000 the defendant paid

to the plaintiff in December 2001 against the plaintiff's unpaid

overtime wages because § 216(b) provides an employee is only

entitled to receive the amount of "*unpaid* overtime compensation."

*Id*. at 960 (emphasis added).  The court, however, declined to

offset the $10,000 against the amount of liquidated damages the

defendant owed the plaintiff.  The court reasoned:

> The amount of plaintiff's unpaid overtime
> compensation is $ 9,879.58.  It seems that [the
> defendant] would have the court adopt the view
> that because it paid plaintiff in excess of this
> amount ($10,000) in December 2001, 21 months after
> plaintiff filed the action and virtually on the
> eve of trial . . . then no liquidated damages are
> due because the overtime did not remain unpaid at
> the time of trial.
>
> What [the defendant] cannot do, however, is
> effectively nullify plaintiff's entitlement to
> liquidated damages simply by tendering a check on
> the eve of trial which covers the full amount of
> overtime compensation already long overdue.
> Section 16(b) of the FLSA, 29 U.S.C. § 216(b),
> "provides absolutely that the employer shall be
> liable for liquidated damages in an amount equal
> to minimum wages overdue; liability is not
> conditioned on default at the time suit is begun."
> *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 711
> (1945); *see* 29 C.F.R. § 790.22 ("Under this
> provision of the law, the courts have held that
> the liability of an employer for liquidated
> damages in an amount equal to his underpayments of
> required wages become fixed [*sic*] at the time he
> fails to pay such wages when due[.]").  Section
> 16(b) "authorizes the recovery of liquidated
> damages as compensation for delay in payment of
> sums due under the Act."  *O'Neil*, 324 U.S. at 715.
> Although *O'Neil* was decided in 1945, two years
> before the statute was amended in 1947 to permit
> the court, in its discretion, to reduce the amount
> of liquidated damages where certain conditions are
> met, 29 U.S.C. § 260, nothing in these conditions
> has anything to do with permitting the employer to

escape liability for liquidated damages by paying
overtime compensation which is already overdue.

*Id*. at 960-61.  The court, therefore, concluded the plaintiff was
entitled to liquidated damages in the amount of $9.879.58, "which
represents an amount equal to the overtime compensation
unlawfully withheld." *Id*. at 961.

The Court adopts the reasoning of *Martin* and concludes
Defendant is not entitled to an offset of $1,400 (the amount that
Defendant paid Plaintiff in June 2015) against the liquidated
damages to which Plaintiff is entitled.  The Court, therefore,
concludes on this record that Plaintiff is entitled to an award
of liquidated damages in the amount of $5,456.63, which
represents an amount equal to the overtime compensation that
Defendant unlawfully withheld during Plaintiff's employment.

## III. Penalty Wages Pursuant to Oregon Revised Statute § 652.150

In her Complaint Plaintiff also seeks $4,000 that represents
"thirty days wages as a state law penalty of one day's wages for
every day that [Plaintiff] was not paid after her terminating for
thirty days."  Compl. at 3.  Defendant moves for summary judgment
as to this claim on the grounds that (1) § 652.150 is solely a
penalty provision rather than a stand-alone claim, and Plaintiff
failed to allege a stand-alone state-law claim and (2) to the
extent that Plaintiff alleges a claim for violation of Oregon
law, such a claim constitutes an inappropriate double recovery.

Oregon Revised Statute § 652.150(1) provides in relevant

22 - OPINION AND ORDER

part:

> [I]f an employer willfully fails to pay any wages
> or compensation of any employee whose employment
> ceases, as provided in ORS 652.140 . . . then, as
> a penalty for the nonpayment, the wages or
> compensation of the employee shall continue from
> the due date thereof at the same hourly rate for
> eight hours per day until paid or until action
> therefor is commenced.

Oregon Revised Statute § 652.140(1) provides in relevant part:

> When an employer discharges an employee or when
> employment is terminated by mutual agreement, all
> wages earned and unpaid at the time of the
> discharge or termination become due and payable
> not later than the end of the first business day
> after the discharge or termination.

Accordingly, under Oregon law when an individual's employment

ceases, an employer must pay all of the employee's earned and

unpaid wages no later than the end of the first business day

after the end of employment.  When an employer willfully fails to

do so, an employee is entitled to penalty wages pursuant to

§ 652.150.

As noted, Defendant asserts Plaintiff is not entitled to an

award of damages pursuant to § 652.150 because such an award is

dependent on a violation of § 652.140 and Plaintiff did not

allege a claim for violation of § 652.140 in her Complaint.

Plaintiff's Complaint is particularly unclear as to her

request for damages pursuant to § 652.150.  Plaintiff alleges in

the first paragraph of her Complaint:

> This is an action for wages due and owing in which
> the plaintiff, (Huyck), alleges she was not paid

23 - OPINION AND ORDER

> overtime wages *in violation of section 7 of the*
> *Fair Labor Standards Act*, 29 USC 201 *et seq*, (the
> FLSA).  The plaintiff seeks back pay, liquidated
> damages and contract damages.

Emphasis added.  Plaintiff references Oregon law in only two

other paragraphs.  The first time is in the section of her

Complaint titled "FACTS":  "[Plaintiff] was not paid all the

wages that she had coming at the within [*sic*] 24 hours of her

termination on 4/27/1 [*sic*] in violation of Oregon law."  Compl.

at ¶ 13.  The second time is in her prayer:

> WHEREFORE, [Plaintiff] prays for judgment against
> [Defendant] as follows:
>
> * * *
>
> For $4,000.00 representing thirty days wages as a
> state law penalty of one day's wages for every day
> that [Plaintiff] was not paid after her
> termination for thirty days (ORS 652.150).

Compl. at ¶ 18(2).  Plaintiff does not reference Oregon Revised

Statute § 652.140 or any specific Oregon statute other than

§ 652.150 in her Complaint.  It is unclear based on these

allegations whether Plaintiff intends to assert that she is

entitled to penalty wages under § 652.150 for Defendant's

violation of the FLSA or whether she intends to assert Defendant

also violated some other unspecified provision of Oregon law.

    Plaintiff also fails to clarify her position in her Motion

for Summary Judgment in which she asserts:

> This is a wages due and owing case in which
> [Plaintiff] asserts claims for overtime wages and
> liquidated damages under the FLSA, penalty wages

24 – OPINION AND ORDER

> under state law, as well as attorney fees. . . .
> The only dispute concerns the . . . calculation of
> the overtime due under the FLSA.
>
>                            * * *
>
> The court should award additional penalties under
> ORS 652.140(1)(a).

Pl.'s Mot. for Summary J. at 1-2, 5.  These assertions suggest
Plaintiff contends Defendant failed to pay her overtime in
violation of the FLSA and that Plaintiff, therefore, is entitled
to, among other things, penalty wages under Oregon law.

Plaintiff does not make any reference to state law in her
Response to Defendant's Cross-Motion for Summary Judgment.  In
fact, in her Response Plaintiff asserts "[t]he only real dispute
concerns the manner of calculation of the overtime due under the
FLSA."  Pl.'s Resp. at 2.

The Court concludes on this record (and under the relatively
undemanding notice-pleading standards of Federal Rule of Civil
Procedure 8) that Plaintiff failed to assert adequately a claim
for violation of § 652.140.  As noted, § 652.150 penalty wages
are available only when "an employer willfully fails to pay any
wages or compensation of any employee whose employment ceases, as
provided in ORS 652.140."  Because Plaintiff has not sufficiently
alleged a claim for violation of § 652.140, Plaintiff also has
not established she is entitled to penalty wages pursuant to
§ 652.150.

Accordingly, the Court denies Plaintiff's Motion for Summary

25 - OPINION AND ORDER

Judgment and grants Defendant's Cross-Motion for Summary Judgment
as to Plaintiff's claim for penalty wages under § 652.150.


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in
part** Plaintiff's Motion (#22) for Summary Judgment as follows:

1.  **GRANTS** Plaintiff's Motion as to Plaintiff's claim for
    failure to pay overtime in violation of the FLSA and

2.  **DENIES** Plaintiff's Motion as to Plaintiff's claims for
    breach of contract and penalty wages under Oregon
    Revised Statute § 652.150.

The Court **GRANTS in part** and **DENIES in part** Defendant's
Cross-Motion (#26) for Summary Judgment as follows:

1.  **GRANTS** Defendant's Cross-Motion as to Plaintiff's
    claims for breach of contract and penalty wages under
    Oregon Revised Statute § 652.150 and

2.  **DENIES** Defendant's Cross-Motion as to Plaintiff's claim
    for failure to pay overtime in violation of the FLSA.

The Court **AWARDS** Plaintiff damages for back overtime wages
in the amount of $4,056.63 and liquidated damages in the amount

of $5,456.63 for a total award of damages of **$9,513.26.**

Plaintiff is **DIRECTED** to submit a form of Judgment consistent with the Opinion and Order **no later than September 29, 2016.**

IT IS SO ORDERED.

DATED this 26th day of September, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

27 - OPINION AND ORDER